UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:

RUTH HEINE )
 )
    Plaintiff )
 )
v. )
 )
PARKWAY AUTO REALISATIONS, L.L.C., )
f/k/a AUTO EUROPE, L.L.C., )
d/b/a AUTO EUROPE )
 )
    Defendant )
 )

05-11117 REK

MAGISTRATE JUDGE Sorokin

## COMPLAINT AND JURY CLAIM

NOW COMES Ruth Heine, the plaintiff in the above-entitled action, and hereby states as follows:

### STATEMENT OF SUBJECT MATTER JURISDICTION

1. This is a civil rights action based on unlawful age discrimination by an employer against its employee.

2. The unlawful discrimination was perpetrated by the employer against its employee in violation of the Age Discrimination in Employment Act, 29 U.S.C. 621 et seq., and in violation of M.G.L. Chapter 151B, §1, et seq.

3. The unlawful practices were committed in the Federal District of Massachusetts, this Court's judicial district.

4. This Court has jurisdiction of this matter pursuant to the provisions of 29 U.S.C. 621 et seq., 42 U.S.C. 2000e-5(f)(3) and 28 U.S.C. 1331.

5.  Plaintiff has asserted claims and requests for relief pursuant to Massachusetts law that arise from the same facts and circumstances as Plaintiff's claims and requests for relief pursuant to Federal law.

6.  The Court has Supplemental Jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. 1367.

## PARTIES

7.  The Plaintiff in this action is Ruth Heine, an individual, and a United States citizen now or formerly residing at 46 Westland Avenue, Westwood, Norfolk County, Massachusetts.

8.  Defendant Parkway Auto Realisations, L.L.C., f/k/a Auto Europe, L.L.C., d/b/a Auto Europe (hereinafter referred to as "Auto Europe") is a duly organized, limited liability company registered to do business within the Commonwealth of Massachusetts, and is an employer as defined by 29 U.S.C. 621, et seq., 42 U.S.C. 2000e and Massachusetts General Laws Chapter 151B, Section 1, now or formerly having a usual place of business located at 39 Commercial Street, Portland, Maine, which at all times relevant to this Complaint had more than twenty employees.

9.  At all times relevant to this Complaint, Plaintiff was an employee of Auto Europe.

## FACTS COMMON TO ALL COUNTS

10. Plaintiff, a woman who was over forty years old during her employment with Auto Europe, is a member of the protected classes of the Age Discrimination in Employment Act, 29 U.S.C. 621 et seq., and of Massachusetts General Laws Chapter 151B Section 1, et seq.

11. At all times during her employment with Auto Europe, Plaintiff was qualified for her position of Sales Manager and for the capacity in which she was employed.

12. At all times during her employment with Auto Europe, Plaintiff met all of Auto Europe's legitimate job performance expectations.

13. At all times relevant to this Complaint, Auto Europe had an obligation and duty to provide the plaintiff with a work place free from age discrimination.

14. Auto Europe treated the plaintiff differently from other employees not in her protected class, because of and on account of her age.

15. On or about May 14, 2004, Auto Europe terminated the plaintiff's employment because of and on account of her age.

16. Auto Europe's owner and president, Imad Khalidi, made disparaging remarks about the plaintiff because of and on account of her age.

17. Auto Europe has a history of terminating or otherwise taking adverse employment action against employees over forty years old.

18. Auto Europe replaced the plaintiff with an employee significantly younger in age, which employee had roughly equivalent or lesser qualifications than the plaintiff.

19. Auto Europe's stated and articulated reasons for its termination and adverse action against the plaintiff are false and are a pretext for discrimination on the basis of age.

20. On or about October 27, 2004, Plaintiff filed a Complaint and Charge of Age Discrimination against Auto Europe with the Massachusetts Commission Against Discrimination, which was duly cross-filed with the Equal Employment Opportunities Commission.

21. Pursuant to its work-sharing agreement with the Equal Employment Opportunities Commission, the Massachusetts Commission Against Discrimination investigated Plaintiff's Complaint of discrimination against Auto Europe.

22. On or about March 4, 2005, the Equal Employment Opportunities Commission issued the Plaintiff a Notice of Right to Sue authorizing her to file the instant civil action.

## COUNT I – AGE DISCRIMINATION IN VIOLATION OF 29 U.S.C. 621, et seq., THE AGE DISCRIMINATION IN EMPLOYMENT ACT

23. Plaintiff restates, realleges and incorporates by reference herein allegations one through twenty-two of this Complaint.

24. Auto Europe's conduct, as alleged in paragraphs one through twenty two of this Complaint, constitutes unlawful age discrimination, in violation of the Age Discrimination in Employment Act, 29 U.S.C. 621 et seq.

25. As a direct and proximate result of Auto Europe's unlawful discrimination, in violation of the Age Discrimination in Employment Act, 29 U.S.C. 621 et seq., Plaintiff, Ruth Heine, has incurred and continues to incur substantial loss of salary, earnings and wages, earning capacity and fringe benefits, has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, other damages as she will show at trial.

26. Plaintiff complied with the requirement(s) of 29 U.S.C. 621, et seq. and/or 42 U.S.C. 2000e-5(e)(1) when she properly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination, said Complaint which was cross-filed with the Equal Employment Opportunities Commission, said complaint alleging that Auto Europe terminated her

employment because and on account of her age and otherwise subjected her to unlawful discrimination.

27.     Plaintiff has duly, properly and in a timely manner notified the Equal Employment Opportunities Commission of her intention to file this Complaint and to seek relief in this Court.

28.     The Equal Employment Opportunities Commission has issued Plaintiff a Notice of her Right to Sue that authorizes Plaintiff to bring this private civil action against Auto Europe.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Auto Europe and:

a.      Declare that Auto Europe's conduct violated the Age Discrimination in Employment Act, 29 U.S.C. 621 et seq.;

b.      Enjoin Auto Europe from subjecting Plaintiff to further discrimination;

c.      Issue a mandatory injunction compelling Auto Europe to provide training to its employees, officers and agents, designed to eliminate, prevent and reduce discrimination;

d.      Award Plaintiff compensatory damages in the amount of $1,500,000.00;

e.      Award Plaintiff multiple damages;

f.      Award Plaintiff punitive damages;

g.      Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action;

h.      Issue such other relief as the Court deems just and proper.

### COUNT II – AGE DISCRIMINATION IN VIOLATION OF M.G.L. CHAPTER 151B, SECTION 4

29.     Plaintiff restates, realleges and incorporates by reference herein allegations one through twenty-eight of this Complaint.

30. Auto Europe's conduct, as alleged in paragraphs one through twenty-eight of this Complaint, constitutes unlawful age discrimination, in violation of Massachusetts General Laws Chapter 151B, Section 4.

31. As a direct and proximate result of Auto Europe's unlawful age discrimination, in violation of M.G.L. Chapter 151B, Section 4, Plaintiff, Ruth Heine, has incurred and continues to incur substantial loss of wages, salary and earnings, earning capacity and fringe benefits, has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, other damages as she will show at trial.

32. Plaintiff complied with the requirement(s) of Massachusetts General Laws Chapter 151B, Section 5 when she properly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination, said complaint alleging that Auto Europe terminated her employment because and on account of her age and otherwise subjected her to age discrimination in the context of her employment.

33. More than ninety days have passed since Plaintiff filed a Complaint of discrimination with the Massachusetts Commission Against Discrimination.

34. The Massachusetts Commission Against Discrimination has authorized the plaintiff to bring this private cause of action.

35. Massachusetts General Laws Chapter 151B, Section 9 authorizes Plaintiff to bring this private civil action against Auto Europe.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Auto Europe and:

a. Declare that Auto Europe's conduct violated Massachusetts General Laws Chapter 151B, Section 4, as amended;

b.  Enjoin Auto Europe from subjecting Plaintiff to discrimination;

c.  Issue a mandatory injunction compelling Auto Europe to provide training to its agents, employees and officers designed to eliminate, prevent and reduce discrimination;

d.  Award Plaintiff compensatory damages in the amount of $1,500,000.00;

e.  Award Plaintiff multiple damages;

f.  Award Plaintiff punitive damages;

g.  Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action;

h.  Issue such other relief as the Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted,
For the plaintiff,

Sol J. Cohen
BBO # 630776
COHEN & SALES
43 Thorndike Street
Cambridge, MA 02141
(617) 621-1151